UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BEAVER COUNTY RETIREMENT BOARD, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> LCA-VISION INC., et al., <br><br> Defendants. | No. 1:07-cv-00750-SJD <br><br> Judge J. Dlott <br><br> <u>CLASS ACTION</u> |
| SPENCER LIN, et al., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LCA-VISION INC., et al., <br><br> Defendants. | No. 1:07-cv-00816-SAS <br><br> Judge S. Arthur Spiegal <br><br> <u>CLASS ACTION</u> |
| DIANE B. CALLAHAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> LCA-VISION INC., et al., <br><br> Defendants. | Civil Action No. 1:07-cv-00941-HJW <br><br> Judge Herman J. Weber <br><br> <u>CLASS ACTION</u> |

**BEAVER COUNTY RETIREMENT BOARD'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL**

Plaintiff Beaver County Retirement Board hereby moves this Court for an order: (i) consolidating the above-captioned related actions; (ii) appointing it as lead plaintiff; and (iii) approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel and Strauss & Troy as liaison counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  This motion is supported by the accompanying Memorandum, Declaration of Richard S. Wayne and pleadings in the file.

DATED:  November 13, 2007

STRAUSS & TROY

s/ Richard S. Wayne
Richard S. Wayne (0022390)
Thomas P. Glass (0062382)
The Federal Reserve Building
150 E. Fourth Street
Cincinnati, OH  45202-4018
Telephone:  513/621-2120
513/629-9426 (fax)
E-mail:  rswayne@strausstroy.com

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
HENRY ROSEN
RAMZI ABADOU
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  henryr@csgrr.com
E-mail:  ramzia@csgrr.com

[Proposed] Lead Counsel for Plaintiffs

- 3 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court this 13th day of November, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 13th day of November, 2007.

                                          /s/ Richard S. Wayne (0022390)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BEAVER COUNTY RETIREMENT BOARD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LCA-VISION INC., et al.,<br><br>Defendants. | No. 1:07-cv-00750-SJD<br><br>Judge J. Dlott<br><br><u>CLASS ACTION</u> |
| SPENCER LIN, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LCA-VISION INC., et al.,<br><br>Defendants. | No. 1:07-cv-00816-SAS<br><br>Judge S. Arthur Spiegel<br><br><u>CLASS ACTION</u> |
| DIANE B. CALLAHAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LCA-VISION INC., et al.,<br><br>Defendants. | Civil Action No. 1:07-cv-00941-HJW<br><br>Judge Herman J. Weber<br><br><u>CLASS ACTION</u> |

**MEMORANDUM IN SUPPORT OF THE BEAVER COUNTY
RETIREMENT BOARD'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL**

**TABLE OF CONTENTS**

    **Page**

I. INTRODUCTION ..............................................................................................................1

II. STATEMENT OF FACTS ................................................................................................2

III. ARGUMENT.....................................................................................................................3

    A. The Related Actions Should be Consolidated ........................................................3

    B. Beaver County Should Be Appointed Lead Plaintiff..............................................4

        1. The PSLRA's Lead Plaintiff Provisions ......................................................4

        2. Beaver County Has the Largest Financial Interest in the Outcome
of This Litigation .........................................................................................4

        3. Beaver County Satisfies Rule 23 .................................................................5

    C. This Court Should Approve Beaver County's Selection of Lead and
Liaison Counsel ......................................................................................................7

IV. CONCLUSION..................................................................................................................8

**I.     INTRODUCTION**

Beaver County Retirement Board ("Beaver County") respectfully submits this Memorandum in support of its Motion, pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), for: (1) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointment as lead plaintiff; and (3) approval of Coughlin Stoia Geller Rudman & Robbins ("Coughlin Stoia") as lead counsel, and Strauss & Troy as liaison counsel for the class. *See generally Ross v. Abercrombie & Fitch Co.*, 2007 U.S. Dist. LEXIS 24903 (S.D. Ohio 2007) (Sargus, J.).

Prior to selecting a plaintiff, the Court must decide whether to consolidate the above-captioned related actions.[1] *See* 15 U.S.C. §78u-4(a)(3)(B)(ii); Fed. R. Civ. P. 42(a). As soon as practicable after consolidation, the Court is to appoint as lead plaintiff the person or entity with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304 (S.D. Ohio 2005) (Marbley, J.). Here, Beaver County should be appointed lead plaintiff because, to its knowledge, it has the largest financial interest in the relief sought in this case and otherwise satisfies the requirements of Rule 23.[2] *See id.*; Declaration of Richard S. Wayne in Support of Beaver County

---

[1]   The Related Actions are *Beaver County Ret. Board v. LCA-Vision Inc., et al.*, No. 1:07-cv-00750 (S.D. Ohio Sept. 13, 2007); *Lin v. LCA-Vision Inc., et al.*, No. 1:07-cv-00816 (S.D. Ohio. Oct. 1, 2007); and *Callahan v. LCA-Vision Inc., et al.*, No. 1:07-cv-00941 (S.D. Ohio Nov. 8, 2007).

[2]   In addition, Congress's purpose in enacting the PSLRA was to encourage institutional investors, like Beaver County, to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors would be beneficial to the class because institutional investors with large financial stakes are better able to effectively manage complex securities litigation than individuals.

Retirement Board's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel ("Wayne Decl."), Exs. 1, 2.

## II. STATEMENT OF FACTS

LCA-Vision, Inc. ("LCA-Vision" or the "Company") is engaged in the provision of fixed-site laser vision correction services at its LasikPlus vision centers. The Company's vision centers provide the staff, facilities, equipment and support services for performing laser vision correction that employ laser technologies to help correct nearsightedness, farsightedness and astigmatism. LCA-Vision is headquartered in Cincinnati, Ohio. During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result of defendants' false statements, LCA-Vision stock traded at artificially inflated prices during the Class Period, reaching a high of $50.56 per share in July 2007.

On February 12, 2007, LCA-Vision issued a press release announcing a 26% increase in revenue growth and 13% EPS growth for the quarter and 34% revenue growth and 22% EPS growth for the year. LCA-Vision provided EPS guidance of $2.05 to $2.15 for 2007. On April 18, 2007, LCA-Vision announced it would restate its financial statements for 2004, 2005 and 2006, reducing revenue by $18 million in 2006, after the Securities and Exchange Commission ("SEC") questioned its revenue recognition for extended warranties. The impact on LCA-Vision's stock price from this announcement was just about $1 per share, as the release also included assurances that earnings were still on track for 2007. Then, on July 31, 2007, before the market opened, LCA-Vision issued a press entitled "LCA-Vision Reports 16% Revenue Growth for the Second Quarter of 2007; Full-Year 2007 Financial Guidance Revised," and in a surprise announcement retracted the Company's statements through the first seven months of the year (including the statement in April) that it would earn $2.05 to $2.15 for the year.

After these results were issued, on July 31, 2007, LCA-Vision's stock collapsed to close at $35.51 per share, a decline of 17%, on volume of 3.5 million shares. The stock dropped further on August 1, 2007 to $33.40 per share. The true facts, which were known by defendants but concealed from the investing public during the Class Period, were as follows: (i) the Company lacked requisite internal controls, and, as a result, the Company's projections and reported results issued during the Class Period were based upon defective assumptions about the Company's marketing budget and deferred revenue; and (ii) the Company's existing stores were not showing growth and volumes were down 8% and any overall growth was being derived solely from new store openings. As a result, the Company's projections issued during the Class Period about its forecasted 2007 EPS were at a minimum reckless.

After the above revelations seeped into the market, the Company's shares were hammered by massive sales, sending them down more than 34% from their Class Period high.

## III.   ARGUMENT

### A.   The Related Actions Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [title] has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); *Cardinal Health*, 226 F.R.D. at 300 n.1. Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation* §20.123, at 13-14 (3d ed. 1995). Courts recognize that class action shareholder suits, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, and minimizes the expenditure of time and money by all persons concerned. *See Serafimov v. Netopia, Inc.*, 2004 U.S. Dist. LEXIS 25184, at *4-*5 (N.D. Cal. 2004).

Here, the Related Actions present virtually identical factual and legal issues, each one alleges violations of §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 and each action names similar defendants. Because these Related Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate. *See id.*

### B. Beaver County Should Be Appointed Lead Plaintiff

#### 1. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for appointing lead plaintiffs in each private action arising under the Exchange Act that is brought as a class action pursuant to the Federal Rules of Civil Procedure.[3] *Cardinal Health*, 226 F.R.D. at 301-02. In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

#### 2. Beaver County Has the Largest Financial Interest in the Outcome of This Litigation

During the Class Period, Beaver County purchased 2,500 shares of LCA-Vision securities at prices artificially inflated by defendants' materially false and misleading statements and lost tens of thousands of dollars as a result thereof. *See* Wayne Decl., Ex. 3. To its knowledge, this represents

---

[3] Motions for appointment as lead plaintiff are due no later than November 13, 2007 – 60 days from the publication of notice over *Business Wire* on September 13, 2007.

- 4 -

the "largest financial interest" in the relief sought in this case. *See Cardinal Health*, 226 F.R.D. at 302-03.

### 3. Beaver County Satisfies Rule 23

In addition to possessing the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*. at 304-05. With respect to the qualifications of the class representatives, Rule 23(a) requires that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. As detailed below, Beaver County satisfies the typicality and adequacy requirements of Rule 23(a). *See id*.

#### a. Beaver County's Claims Are Typical of the Claims of the Class

Rule 23(a)(3) provides that the claims or defenses of the representative party must be typical of the claims or defenses of the class. *See* Fed. R. Civ. P. 23(a)(3). The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiff has suffered the same or similar injuries as the absent class members, as a result of the same course of conduct by defendants, and its claims are based on the same legal issues. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) ("'a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory'" ) (citation omitted); *Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 404 (M.D. Tenn. 1996) (typicality may be satisfied "'even if there are factual distinctions between the named plaintiffs and those of other class members'") (citation omitted); *Sprague v. GMC*, 133 F.3d 388, 399 (6th Cir. 1998). The legal issues common to the members of the class which predominate over questions which may affect individual class members include the following:

1. Whether the defendants' acts violated federal securities laws;
2. Whether defendants omitted or misrepresented material facts;

- 5 -

3. Whether documents, SEC filings, press releases and other statements disseminated to the investing public and plaintiffs during the Class Period misrepresented material facts about the operations, financial condition and earnings of LCA-Vision;

4. Whether defendants knew, had reason to know or recklessly disregarded that their statements were false and misleading;

5. Whether the market prices of LCA-Vision securities during the Class Period were artificially inflated due to material misrepresentations and the failure to correct the material misrepresentations complained of herein; and

6. The extent of damage sustained by class members and the appropriate measure of damages.

Here, there is a well-defined community of interest in the questions of law and fact involved in this case, because the claims asserted by Beaver County are typical of the claims of the members of the proposed class. Beaver County and members of the class allege that the defendants violated the Exchange Act by publicly disseminating materially false and misleading statements about LCA-Vision during the Class Period. *See Cardinal Health*, 226 F.R.D. at 305. Beaver County, as did all of the members of the proposed class, purchased LCA-Vision securities at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Because the claims asserted here are premised on the same legal and remedial theories and are "based on the same types of alleged misrepresentations and omissions" as the class's claims, typicality is satisfied. *See Sprague*, 133 F.3d at 399 (the "'typicality requirement is [satisfied where] the representative's interests [are] aligned with those of the represented group, and . . . the named plaintiff . . . advance[s] the interests of the class members'") (citation omitted).

### b. Beaver County Will Fairly and Adequately Represent the Interests of the Class

In the Sixth Circuit, adequacy is determined from common interests between the named plaintiff and the class and whether the representative "'will vigorously prosecute the interests of the class through qualified counsel.'" *Craft*, 174 F.R.D. at 405 (citation omitted). Moreover, "[a]ny doubt regarding adequacy of representation should be resolved in favor of the [sic] upholding the class." *Schwartz v. Celestial Seasonings*, 178 F.R.D. 545, 552 (D. Colo. 1998).

Here, Beaver County's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between its interests and those of the proposed class members. *See Cardinal Health*, 226 F.R.D. at 305. As detailed above, Beaver County shares substantially similar questions of law and fact with the members of the proposed class and its claims are typical of the members of the class. Moreover, Beaver County has amply demonstrated its adequacy as a class representative by signing a certification affirming its willingness to serve as, and assume the responsibilities of, class representatives. Wayne Decl., Exs. 1-2. Finally, Beaver County has selected a law firm that is highly experienced in prosecuting securities class actions such as this to represent it. *See Cardinal Health*, 226 F.R.D. at 308 (finding Coughlin Stoia "will represent deftly the class's interests").

Therefore, Beaver County satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### C. This Court Should Approve Beaver County's Selection of Lead and Liaison Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, the court should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Beaver County has selected Coughlin Stoia as lead

counsel and Strauss & Troy as liaison counsel for the class. Coughlin Stoia possesses extensive experience litigating securities class actions and representing injured investors and is more than adequate to singularly represent the interests of the class. *See* Wayne Decl., Exs. 4, 5; *Cardinal Health*, 226 F.R.D. at 308. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from proposed lead and liaison counsel.

## IV.     CONCLUSION

For all the foregoing reasons, Beaver County respectfully requests that the Court: (1) appoint it Lead Plaintiff pursuant to §21D(a)(3)(B) of the Exchange Act; and (2) approve its selection of Coughlin Stoia as Lead Counsel and Strauss & Troy as Liaison Counsel for the class.

DATED: November 13, 2007                    Respectfully submitted,

                                            STRAUSS & TROY


                                                    s/ Richard S. Wayne
                                            Richard S. Wayne (0022390)
                                            Thomas P. Glass (0062382)
                                            The Federal Reserve Building
                                            150 E. Fourth Street
                                            Cincinnati, OH  45202-4018
                                            Telephone:  513/621-2120
                                            513/629-9426 (fax)
                                            E-mail:  rswayne@strausstroy.com

                                            [Proposed] Liaison Counsel

>
> COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> HENRY ROSEN
> RAMZI ABADOU
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
> Telephone:  619/231-1058
> 619/231-7423 (fax)
> E-mail:  henryr@csgrr.com
> E-mail:  ramzia@csgrr.com
>
> [Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court this 13th day of November, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 13th day of November, 2007.


    /s/ Richard S. Wayne (0022390)

1405267_1.DOC